## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**A.M., BY AND THROUGH HIS NEXT FRIEND,
JEANETTE MURRY; ON BEHALF OF HIMSELF
AND ALL OTHER PERSONS SIMILARLY SITUATED**                    **PLAINTIFF**

**v.**                                        **CASE NO. 3:11cv344 TSL-MTP**

**JACKSON PUBLIC SCHOOLS BOARD OF
TRUSTEES, IN ITS OFFICIAL CAPACITY, et. al.**

                                                             **DEFENDANTS**

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

COME NOW, Defendants, Jackson Public Schools Board of Trustees, in its official capacity, et. al. and file their Answer and Affirmative Defenses to the Complaint and answers as follows:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Court lacks jurisdiction over some or all of the claims asserted by the Plaintiffs.

### THIRD DEFENSE

The Plaintiffs have failed to join one or more indispensable parties as set forth in Fed. R. Civ. P. 12(b)(7) and 19.

### FOURTH DEFENSE

The Defendants plead all applicable statues of limitations.

1

## FIFTH DEFENSE

The facts having not been fully developed, the Defendants affirmatively plead the following as affirmative defenses to the extent they may be established as applicable to this action:  Waiver, estoppels, laches, the clean hands doctrine, res judicata, collateral estoppels, fraud, illegality, accord and satisfaction, failure of consideration, statue of fraud, and any other matter constituting an avoidance or affirmative defense.

## SIXTH DEFENSE

The Plaintiffs lack standing to assert some or all of the claims asserted in the Complaint, or some or all of the claims are not ripe or are moot.

## SEVENTH DEFENSE

The Plaintiffs have failed to exhaust administrative remedies.

## EIGHTH DEFENSE

The Defendants reserve the right to assert all immunities under state and federal law, and specifically assert their entitlement in this case to sovereign and Eleventh Amendment immunity.

## NINTH DEFENSE

At all times relevant hereto, the Defendants were acting in good faith, in the course and scope of their employment, and performing and discharging their official duties in a proper, legal and reasonable manner.

## TENTH DEFENSE

The allegations in the Plaintiffs' Complaint do not demonstrate an imminent threat of irreparable harm for which there is no adequate remedy at law.

## ELEVENTH DEFENSE

The Plaintiffs' requested injunctive relief is not reasonably practicable.

## TWELFTH DEFENSE

To the extent applicable, the Plaintiffs have failed to give notice as required under the Mississippi Tort Claims Act.

## THIRTEENTH DEFENSE

The Defendants acted in good faith, lawfully, and without malice at all times.

## FOURTEENTH DEFENSE

The Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are the result of Plaintiffs' own actions or inactions, or the actions or inactions of third parties, such actions or inactions being the sole proximate cause of Plaintiff's alleged damages or, in the alternative, a contributing cause of such alleged damages.

## FIFTEENTH DEFENSE

Notwithstanding any other defense, the Defendants did not deprive Plaintiffs of a right or interest secured by the Constitution or any federal statute.

## SIXTEENTH DEFENSE

The Plaintiff's claims are barred because he failed to mitigate his damages.

## SEVENTEENTH DEFENSE

Defendants hereby gives notice that they intend to rely upon any other defenses or affirmative defenses that may become available or appear during the course of this case, and hereby reserves the right to amend their Answer to assert any such additional defenses or affirmative defenses.

## EIGHTEENTH DEFENSE

The Plaintiffs do not have standing to seek prospective declaratory and injunctive relief.

## NINETEENTH DEFENSE

The Plaintiffs do not meet the requirements necessary to maintain class certification.

## COMPLAINT

1. Defendants admit that this action is filed pursuant to 42 U.S.C.A. §1983 and that students were handcuffed to the stair railings, and they ate their lunch while restrained. Defendants deny all other allegations contained in paragraph one of the complaint.

2. Defendants deny all other allegations contained in paragraph two of the complaint.

3. Defendants admit that Plaintiff A.M. seeks injunctive relief in this matter.  To the extent, however, that this allegation seeks to impose liability on the Defendants and call for a legal conclusion, it is denied. Defendants deny all other allegations contained in paragraph three of the complaint.

## JURISDICTION AND VENUE

4. Defendants admit to the allegations contained in paragraph four of the complaint.

5. Defendants admit to the allegations contained in paragraph five of the complaint.

## PARTIES

## REPRESENTATIVE PLAINTIFF

6.  To the extent that the Plaintiff seeks to impose liability on the Defendants by alleging that Plaintiff A.M. appears in this action by and through his mother, Jeanette Murry, the same is denied. Defendants admit to all other allegations contained in paragraph six of the complaint.

## DEFENDANTS

7.  Defendants admit that the School Board is sued in its official capacity and that it is a seven-member appointed legal body. Defendants deny all other allegations contained in paragraph seven of the complaint as the remaining allegations fail to state sections of Miss. Code Ann. and Jackson Public School District policy in relevant part and to the extent it calls for a legal conclusion.

8.  Defendants admit that Lonnie J. Edwards is superintendent and chief executive officer in paragraph eight of the complaint.  Defendants deny all other allegations contained in paragraph eight of the complaint as the remaining allegations fail to state sections of Miss. Code Ann. and Jackson Public School District policy in relevant part and to the extent it calls for a legal conclusion.

9.  Defendants admit that Glenn Davis is interim superintendent in paragraph nine of the complaint.  Defendants deny all other allegations contained in paragraph eight of the complaint as the remaining allegations fail to state sections of Miss. Code Ann. and Jackson Public School District policy in relevant part and to the extent it calls for a legal conclusion.

10. Admitted.

11. Defendants admit to the allegations contained in paragraph 11 of the complaint.

12. Defendants admit to the allegations contained in paragraph 12 of the complaint.

13. Defendants admit to the allegations contained in paragraph 13 of the complaint.

## CLASS ACTION ALLEGATIONS

14. Defendants deny this allegation contained in paragraph 14 of the complaint to the extent it calls for a legal conclusion and purports to impose liability on the part of the Defendants.

15. Denied including subsections a through d.

16. Defendants deny the allegations contained in paragraph 16 of the complaint.

## STATEMENT OF FACTS

17. Defendants deny the allegations contained in paragraph 17 of the complaint.

18. Defendants deny the allegations contained in paragraph 18 of the complaint.

19. Defendants admit that youth who are handcuffed to a stair railing when lunch is served eat their meals there.  Defendants further admit that school employees passing by or through the gym area can hear children calling out and asking for the handcuffs to be loosened.  Defendants deny all other allegations contained in paragraph 19 of the complaint.

20. Defendants admit that they have Policy JDHAB: Student Restraint Policy which is written. All other allegations contained in paragraph 20 of the complaint are denied.

21. Defendants deny the allegations contained in paragraph 21 of the complaint.

22. Defendants deny the allegations contained in paragraph 22 of the complaint.

23. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 23 of the complaint and the same are denied.

24. Defendants admit that the practice of handcuffing students occurs and is known amongst staff at Capital City Alternative School.  Defendants deny all other allegations contained in paragraph 24 of the complaint.

25. Defendants admit that on or about April 25, 2011, attorneys from Southern Poverty Law Center sent a letter detailing the misuse of physical restraints at Capital City Alternative School and asked that this abuse be immediately stopped.  Defendants deny all other allegations contained in paragraph 25 of the complaint.

### Capital City Alternative School

26. Defendants admit that Capital City Alternative School is a school within the Jackson Public Schools for students who have been suspended or expelled and that the website speaks for itself as to what it says.  The remaining allegations contained in paragraph 26 of the complaint are denied.

27. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 27 of the complaint, but upon information and belief the same are denied. To the extent they call for a legal conclusion or impose liability on the part of the Defendants, the same are denied.

28. Defendants are without sufficient to information to admit or deny the allegations contained in paragraph 28 of the complaint, but upon information and belief the same are denied.

### Experiences of Individual Students

**Plaintiff A.M.**

29. Defendants admit that A.M. is a sixteen year-old boy, who was enrolled in the 8th grade during the 2010-2011 school year and who currently attends Capital City Alternative School.  Defendant further admits that A.M. has a history or ruling of Attention Deficit

Hyperactivity Disorder.  Defendants deny all other allegations contained in paragraph 29 of the complaint.

30. Defendants admit to the allegations contained in paragraph 30 of the complaint.

31. Defendants admit that A.M. arrived at school without a belt and was told to go to In-School Suspension for being in violation of the school dress code.  Defendants are without sufficient information to admit or deny the remainder of the allegations contained in paragraph 31 of the complaint, but upon information and belief the same are denied.

32. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 32, but upon information and belief the same are denied.

33. Defendants deny the allegations contained in paragraph 33 of the complaint.

34. Defendants are without information to admit or deny the allegations contained in paragraph 34 of the complaint, but upon information and belief the same are denied.

35. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 35 of the complaint, but upon information and belief the same are denied.

36. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 36 of the complaint, but upon information and belief the same are denied.

37. Defendants deny the allegations contained in paragraph 37 of the complaint.

38. Defendants admit that a school safety officer brought food to A.M. to eat in the gym.  Defendants deny the remaining allegations contained in paragraph 38 of the complaint.

39. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 39 of the complaint as to whether he rode home on his regular school bus, but upon information and belief the same are denied.  All other allegations contained in the paragraph 39 are denied.

40. Defendants deny the allegations contained in paragraph 40 of the complaint.

41. Defendants deny the allegations contained in paragraph 41 of the complaint.

42. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 42 of the complaint, but upon information and belief the same are denied.

43. Defendants deny the allegations contained in paragraph 43 of the complaint.

44. Defendant are without sufficient information to admit or deny that A.M. witnessed Principal Harris directing JPS school security personnel to take other students to the pole, but upon information and belief the same are denied.  Defendants deny the remainder of the allegations contained in paragraph 44 of the complaint.

45. Defendants deny the allegations contained in paragraph 45 of the complaint.

46. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 46 of the complaint, but upon information and belief the same are denied.

47. Defendants deny the allegations contained in paragraph 47 of the complaint.

48. Defendants deny the allegations contained in paragraph 48 of the complaint.

49. Defendants deny the allegations contained in paragraph 49 of the complaint.

50. Defendants are without sufficient information to admit or deny that the practice is widespread and persistent enough that the other school personnel considered it commonplace, well-settled and ordinary, but upon information and belief the same are denied.  Defendants deny the remainder of the allegations contained in paragraph 50 of the complaint.

51. Defendants deny the allegations contained in paragraph 51 of the complaint.

**N.R.**

52. Defendants admit to the allegations contained in paragraph 52 of the complaint.

53. Defendants deny the allegations contained in paragraph 53 of the complaint.

54. Defendants admit that N.R. was handcuffed in the school's gym for multiple hours. Defendants deny the remainder of the allegations contained in paragraph 54 of the complaint.

55. Defendants admit to the allegations contained in paragraph 55 of the complaint.

56. Defendants deny the allegations contained in paragraph 56 of the complaint.

57. Defendants admit that N.R. was handcuffed to the railing on the stairs by the stage. Defendants are without sufficient information to admit or deny the allegations but upon information the same are denied in paragraph 57 of the complaint.

58. Defendants admit that there were no video cameras in the area where N.R. was held and that School Safety Officer Greenwood did nothing to remove the handcuffs.    Defendants deny the remainder of the allegations contained in paragraph 58 of the complaint.

59. Defendants deny the allegations contained in paragraph 59 of the complaint.

60. Defendants admit that N.R. ate lunch while still handcuffed to the railing. Defendants deny all other allegations contained in paragraph 60 of the complaint.

61. Defendants deny that Assistant Principal Walden was shown the marks and that he did not get N.R. medical care or attention. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 61 of the complaint, but upon information and belief the same are denied.

62. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 62 of the complaint, but upon information and belief the same are denied.

63. Defendants deny the allegations contained in paragraph 63 of the complaint.

64. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 64 of the complaint, but upon information and belief the same are denied.

**R.S.**

65. Defendants admit to the allegations contained in paragraph 65 of the complaint.

66. Defendants deny the allegations contained in paragraph 66 of the complaint.

67. Defendants deny the allegations contained in paragraph 67 of the complaint.

68. Defendants admit that R.S. loudly called out a name in the hallway. Defendants deny all other allegations in paragraph 68 of the complaint..

69. Defendants admit to the allegations contained in paragraph 69 of the complaint.

70. Defendants admit to the allegations contained in paragraph 70 of the complaint.

71. Defendants admit that R.S. sat on the stairs while she was handcuffed to the rail. Defendants deny the remainder of the allegations contained in paragraph 71 of the complaint.

72. Defendants admit that Campus Enforcement Officer Paige released R.S. from the handcuffs. R.S. was allowed to join the other students and finish the school day in her normal classes. Defendants deny all other allegations contained in paragraph 72 of the complaint.

73. Defendants admit that upon information and belief, R.S. was not given a disciplinary notice and did not have any infraction recorded in her disciplinary record for this incident. Defendants admit that upon information and belief, R.S. was not arrested or charged with any crime as a result of this incident. Defendants are without sufficient information to admit or deny the allegation that R.S.'s mother was never informed or

contacted about this incident, but upon information and belief the same is denied. Defendants deny all other allegations contained in paragraph 73 of the complaint.

74. Defendants deny the allegation that R.S. has been subjected to this type of unreasonable restraint two or three additional times during the 2010-2011 school year, for similar incidents in which she was "loud."  Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 74, but upon information and belief the same are denied.

**M.D.**

75. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 75 but upon information and belief the same are denied.

76. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 76 but upon information and belief the same are denied.

77. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 77 but upon information and belief the same are denied.

78. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 78 but upon information and belief the same are denied.

79. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 79 but upon information and belief the same are denied.

80. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 80 but upon information and belief the same are denied.

81. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 81 but upon information and belief the same are denied.

82. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 82 but upon information and belief the same are denied.

83. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 83 but upon information and belief the same are denied.

84. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 84 but upon information and belief the same are denied.

85. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 85 but upon information and belief the same are denied.

## C.K.

86. Defendants admit to the allegations contained in paragraph 86 of the complaint.

87. Defendants deny the allegations contained in paragraph 87 of the complaint.

88. Defendants deny the allegations contained in paragraph 88.

89. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 89, but upon information and belief the same are denied.

90. Defendants deny the allegations contained in paragraph 90 of the complaint.

91. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 91, but upon information and belief the same are denied.

92. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 92, but upon information and belief the same are denied.

93. Defendants admit to the allegations contained in paragraph 93 of the complaint.

94. Defendants deny the allegations contained in paragraph 94 of the complaint.

95. Defendants are without sufficient information to admit or deny the allegations contained in paragraph 95 of the complaint, but upon information the same are denied.

## CAUSES OF ACTION

96. Defendants deny all allegations contained in paragraph 96 of the complaint including the allegations beginning with "Count One" and ending with "Excessive Seizures."

97. Defendants deny all allegations contained in paragraph 97 of the complaint.

98. Defendants deny all allegations contained in paragraph 98 of the complaint.

99. Defendants deny all allegations contained in paragraph 99 of the complaint.

100. Defendants deny all allegations contained in paragraph 100 of the complaint.

101. Defendants deny all allegations contained in paragraph 101 of the complaint.

## PRAYER FOR RELIEF

Defendants further deny the allegations contained in the final unnumbered paragraph commencing with the word "WHEREFORE", and deny that the Plaintiffs are entitled to a judgment against Defendant in any amount.

1. Defendants deny the allegations contained in paragraph one under this section.

2. Defendants deny the allegations contained in paragraph two under this section.

3. Defendants deny the allegations contained in paragraph three under this section.

4. Defendants deny the allegations contained in paragraph four under this section.

5. Defendants deny the allegations contained in paragraph five under this section.

6. Defendants deny the allegations contained in paragraph six under this section.

Now, having answered, the Defendants demand that this action be dismissed, with prejudice, with all costs and attorney fees assessed to the Plaintiffs.

Respectfully submitted,
**Jackson Public School District and Marie Harris**

By:     **s/JoAnne N. Shepherd**
**JoAnne N. Shepherd, MSB# 8598**
**KaShonda L. Day, MSB# 103144**

14

OF COUNSEL:

JOANNE N. SHEPHERD, ESQ.
KASHONDA L. DAY, ESQ.
JACKSON PUBLIC SCHOOL DISTRICT
P. O. BOX 2338
JACKSON, MS 39225-2338
TEL: (601) 960-8917
FAX: (601) 973-8545

## CERTIFICATE OF SERVICE

I, the undersigned counsel do hereby certify that I have this day caused to be served a true

and correct copy of the foregoing *Answer and Affirmative Defenses* via electronic filing to the

following counsels of record:

Poonam Juneja, Esq.
Jody E. Owens II, Esq.
Sheila A. Bedi, Esq.
Corrie Cockrell, Esq.
Mississippi Youth Justice Project
Southern Poverty Law Center
921 N. President Street, Suite B
Jackson, MS 39202

This the 28th day of June, 2011.

s/JoAnne N. Shepherd
JoAnne N. Shepherd, Esq.
KaShonda L. Day, Esq.